1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                            FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  DANIEL FRAZER,                                No.  2:20-cv-1888 AC
12                  Plaintiff,
13          v.                                    <u>ORDER</u>
14  RALPH DIAZ, et al.
15                  Defendant.
16
17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42
18  U.S.C. § 1983.  Plaintiff has filed an application to proceed in forma pauperis pursuant to 28
19  U.S.C. § 1915.
20          The federal venue statute provides that a civil action "may be brought in (1) a judicial
21  district in which any defendant resides, if all defendants are residents of the State in which the
22  district is located, (2) a judicial district in which a substantial part of the events or omissions
23  giving rise to the claim occurred, or a substantial part of property that is the subject of the action
24  is situated, or (3) if there is no district in which an action may otherwise be brought as provided in
25  this action, any judicial district in which any defendant is subject to the court's personal
26  jurisdiction with respect to such action."  28 U.S.C. § 1391(b).
27  ////
28  ////

In this case, the claim arose in Riverside County, which is in the Central District of California.[1] Therefore, plaintiff's claim should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

DATED: December 17, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Claim One is based on events that occurred at Ironwood State Prison and makes allegations against staff at that institution. Although some other defendants are CDCR officials based in Sacramento, and Claim Two attempts to challenge a statewide corrections policy, plaintiff's standing to bring Claim Two appears to the undersigned to depend on the viability of Claim One. Claim One indisputably arose in Riverside County, where ISP is located. Moreover, this action may be related to another case transferred by this court to the Central District, Sams v. CDCR, Case No. 21-cv-0408 DB (transferred on March 3, 2021) (C. D. Cal. Case No. 5:21-cv-00493).